# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**WAYNE ROBINSON**,

    Petitioner,

v.                                                   **Civil Action No. 3:08-cv-148**
                                                                     **(BAILEY)**

**KUMA J. DEBOO, Warden,**

    Respondent.

## ORDER OVERRULING OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge David J. Joel [Doc. 26] and the Petitioner's Objections to Report and Recommendation [Doc. 28] regarding petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and petitioner's Application under § 2241 should be **DENIED**.

## BACKGROUND

On November 9, 2007, the petitioner received an incident report in which he was charged with a violation of prohibited act code 310, Unexcused Absence from Work or Any Assignment. [Doc. 17-3]. The report stemmed from an incident earlier that day when the petitioner failed to appear at Chapel callout for Jumah prayer. (Id.) When the Chaplain

1

discovered that the petitioner had not signed in, the Chaplain telephoned the petitioner's housing unit and discovered that the petitioner was still at his housing unit. (Id.) The petitioner was not excused from Chapel callout, therefore, an incident report ensued. (Id.) At the time the petitioner received a copy of the incident report, he was advised of his rights. (Id. at 4, 8).

The petitioner stated to the investigating officer that he was not aware that the time for Jumah prayer had been changed from 1:30 to 12:30. ([Doc. 17-3] at 4). A Unit Disciplinary Committee Hearing1 ("UDC") was held on November 14, 2007. (Id. at 3). Petitioner again stated that he did not know that prayer time had been changed. (Id.) Due to petitioner's admission, the charges were referred to a Disciplinary Hearing Officer ("DHO") for further proceedings. (Id.) The UDC recommended that the petitioner be sanctioned to loss of good time and disciplinary segregation, suspended pending six months clear conduct. (Id.)

On November 14, 2007, the petitioner received a Notice of Discipline Hearing Before DHO form. ([Doc. 17-3 at 6). The petitioner was also advised of his rights. (Id. at 8). A DHO hearing was held on November 20, 2007. (Id. at 10-12). At the beginning of the hearing, the petitioner was again advised of his rights. (Id. at 10-12, § I(C)). The petitioner stated that he understood. (Id. at 10-12, § III(B)). Moreover, when asked for a statement, the petitioner stated that he took full responsibility. (Id.) Specifically, the petitioner stated that he had been at FCI-Gilmer since May 1st and this was the first time that Jumah Prayer had been held at 12:30 p.m. instead of 1:30 p.m. (Id.)

Based on the petitioner's statement, and the written testimony of Chaplain Uhles, the DHO found that the greater weight of the evidence showed that the petitioner

2

committed the prohibited act of Unexcused Absence from Work or Any Assignment. ([Doc. 17-3] at 10-12, §V). The petitioner was, therefore, sanctioned 14 days loss of good time and 21 days disciplinary segregation, suspended pending six months of clear conduct. (Id. at 10-12, § VI). The DHO reasoned that such sanctions were warranted because being absent from an assignment without permission interferes with the prison's ability to account for all inmates, threatens the security of the institution and wastes resources. (Id. at 10-12, § VII). Petitioner was notified of his right to appeal the DHO's decision, and did so. ([Doc. 17-3] at 10-12, § VIII; [Doc. 17-2] ¶ 9). Petitioner's appeals were denied. ([Doc. 17-2] ¶ 9).

On October 1, 2008, petitioner filed a petition for writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. In the petition, petitioner asserts that the disciplinary report should be expunged from his record, and his good conduct time restored, for the following reasons: (1) the incident report is erroneous and slanderous; and (2) there is insufficient evidence to support the DHO's finding. On November 25, 2008, Magistrate Judge David J. Joel issued an Order to Show Cause directing responded to file a response why the writ should not be granted. [Doc. 12].

On December 22, 2008, the Government filed a Motion to Dismiss and Response to Order to Show Cause, or in the Alternative, Motion for Summary Judgment [Doc. 16]. In its Response, the Government argued that petitoner's writ should be denied because: (1) the petitioner received all the process he was due; and (2) the evidence is sufficient to support the DHO's findings. (Id.)

On January 23, 2009, the petitioner filed a Motion for Summary Judgment. [Doc. 21]. In support of his motion, the petitioner asserted that the incident report is erroneous as it charges that petitioner was absent from "work or any assignment" when, in fact, he was

3

absent from Jumah prayer, which is a religious ceremony. Petitioner argues that because a religious ceremony is not work or an assignment, he cannot be guilty of the charged violation. Rather, petitioner asserts that the facts show that he was merely "out of bounds" in violation of code 316, Being in an Unauthorized Area, at the time in question. (Id.) For these same reasons, the petitioner asserts that the greater weight of the evidence shows that he violated Code 316, not Code 310, and is therefore insufficient to support the DHO's finding. (Id.)

On April 16, 2009, Magistrate Judge David J. Joel issued a Report and Recommendation in which he recommended that respondent's Motion to Dismiss and Response to Order to Show Cause, or in the Alternative, Motion for Summary Judgment [Doc. 16], be granted; that petitioner's Motion for Summary Judgment [Doc. 21] be denied; and that petitioner's § 2241 petition [Doc. 1] be denied and dismissed with prejudice.

## PETITIONER'S OBJECTIONS

On April 30, 2009, petitioner filed Objections to Report and Recommendation [Doc. 12]. Petitioner objects to the R&R on the following grounds: (1) the Magistrate Judge erred in finding that petitioner was "not disciplined for being absent from prayer, but for missing chapel call out" because the incident report states that petitioner was "out of bonds [sic] and unexcused from the chapel call out"; (2) the Magistrate Judge erred in finding that chapel call out is an appointment or assignment because such a finding is not supported by B.O.P. policy or law; (3) the Magistrate Judge erred in finding that code 316 is used when an inmate is not where he is supposed to be at a certain time; and (4) the Magistrate Judge erred in concluding that petitioner cannot show that he has suffered an injury as he suffered loss of good time and was placed in the special housing unit when he was found

4

to have violated code 316 and not code 310.

Petitioner essentially argues that because he was found guilty of violating code 316 and not code 310 that he should be granted a writ under § 2241. Petitioner's argument fails because he was properly found guilty under code 316 and were petitioner brought before the DHO on a violation of code 310 petitioner would be subject to the same penalties. The Court will, however, address each of petitioner's objections in turn:

1. Petitioner's objection that the Magistrate Judge erred in finding that petitioner was "not disciplined for being absent from prayer, but for missing chapel call out" because the incident report states that petitioner was "out of bonds [sic] and unexcused from the chapel call out," is without merit. The R&R found that the greater weight of the evidence supported the finding of the DHO that petitioner knew he was supposed to sign in with the chaplain, that he did not sign in with the chaplain, and that petitioner knew this was a violation of institutional rules. Petitioner seems to be arguing that because he was absent from a religious ceremony, he, therefore, cannot be found to have violated the institutional rules. Petitioner was not, however, found to have violated a code requiring him to appear at a religious ceremony; but instead was found to have violated a code designed to ensure that the B.O.P. is able to account for the whereabouts of all inmates at any given time. To the extent that this objection raises any issue with regard to being charged under code 316 or code 310, it will be discussed below. Accordingly, petitioner's objection on this ground should be **OVERRULED**.

2. Petitioner's objection that the Magistrate Judge erred in finding that chapel call out is an appointment or assignment because such a finding is not supported by B.O.P. policy or law is likewise without merit. Petitioner argues that 'chapel call out' is not an assignment

5

but presents no evidence to support this conclusion. The respondent, however, presented an affidavit of Todd Underwood who is a Correctional Counselor and the Alternate Hearing Officer ("DHO") at FCI Gilmer where petitioner was housed at the time of this violation. Additionally, Mr. Underwood has had 40 hours of DHO training. The Court, therefore, finds that the Magistrate did not err in finding, based on the sworn statement of a trained prison official, that chapel call out is an "appointment or assignment." Accordingly, petitioner's objection on this ground should be **OVERRULED**.

3. Petitioner also objected that the Magistrate Judge erred in finding that code 316 is used when an inmate is not where he is supposed to be at a certain time. He argues that in making this finding the Magistrate merely relied on the representations of respondent. In fact, the Magistrate relied on the sworn statement of Todd Underwood. Based on the testimony of Mr. Underwood, petitioner could have been found to have violated both code 310 and code 316 as he was in an area in which he was not authorized to be (he was in the housing unit when he was supposed to be in the chapel) and he was not in the area in which he was supposed to be at the time he was supposed to be there (he was in the housing unit at 12:30 p.m. when he was supposed to be in the chapel at 12:30 p.m.). This Court, therefore, finds that petitioner's objection on this ground should be **OVERRULED**.

4. Finally, petitioner argues that the Magistrate Judge erred in concluding that petitioner cannot show that he has suffered an injury as he suffered loss of good time and was placed in the special housing unit when he was found to have violated code 316 and not code 310. The fact that plaintiff was disciplined for the violation does not, however, constitute an injury. Even assuming, *arguendo*, that petitioner is correct that he should have been found

to have violated code 310–not 316–petitioner must show that had he been found to have violated 310 the discipline would have been *lesser*. Plaintiff cannot complain that he suffered an injury where both code violations carry the same consequences. Further, this Court notes that it finds that petitioner was properly found to have violated code 316. Accordingly, petitioner's objection on this ground should be **OVERRULED**.

## **CONCLUSION**

For the reasons stated above and more fully set out in the Magistrate Judge's Opinion/Report and Recommendation [Doc. 26] the Court **ORDERS**:

1. The Magistrate Judge's Opinion/Report and Recommendation [Doc. 26] is **AFFIRMED** and **ADOPTED** as it recommends that respondent's Motion to Dismiss and Response to Order to Show Cause, or in the Alternative, Motion for Summary Judgment [Doc. 16], be granted; that petitioner's Motion for Summary Judgment [Doc. 21] be denied; and that petitioner's § 2241 petition [Doc. 1] be denied and dismissed with prejudice;

2. Respondent's Motion to Dismiss and Response to Order to Show Cause, or in the Alternative, Motion for Summary Judgment [Doc. 16] is hereby **GRANTED;**

3. petitioner's Motion for Summary Judgment [Doc. 21] is hereby **DENIED**; and

4. Petitioner's § 2241 [Doc. 1] is hereby **DENIED** and **DISMISSED with prejudice** and is **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: May 1, 2009

/s/ John Preston Bailey
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE